UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE MONTGOMERY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE VILLAGE OF POSEN, DONALD ) <br> SHUPEK, DOUGH HOGLUND, ) <br> VICKIE PAGGI, PATRICK O'DONNELL, ) <br> VERONICA GROBOWSKI, FRANK ) <br> GIORDANO, DAWN CASTILLO, ) <br> ) <br> Defendant. ) | No. 14 C 3864 <br><br> Judge Jorge Alonso |

## ORDER

*Pro se* plaintiff Clarence Montgomery sues defendants pursuant to 42 U.S.C. § 1983, alleging that defendants entered and searched premises he rents in Posen, against his will and without probable cause, removed property and locked him out, in violation of his Fourth and Fourteenth Amendment rights. Defendants ask the Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## PROCEDURAL HISTORY

Plaintiff filed his initial complaint in this case on May 27, 2014. Defendants filed a motion to dismiss, and on October 6, 2014, the Court issued an order granting the motion. The Court dismissed with prejudice plaintiff's Fourteenth Amendment claims against the individual defendants in both their personal and official capacities and his Fourth Amendment claims against them in their official capacities. It dismissed without prejudice plaintiff's Fourteenth and Fourth Amendment claims against the Village and his Fourth Amendment claims against the

individual defendants in their personal capacities. The Court gave plaintiff until October 20, 2014 to amend those claims that it dismissed without prejudice, "*and only those claims*." (Order [30] at 4.)

On October 17, 2014, plaintiff filed an amended complaint, and defendants have again moved to dismiss the claims.

## **ANALYSIS**

This Court's October 6, 2014 order permitted plaintiff to amend his Fourteenth and Fourth Amendment claims against the Village and his Fourth Amendment claims against the individual defendants personally, and only those claims. For the first time in this case, plaintiff adds an equal protection claim to his other claims. (*See* Am. Compl. ¶¶ 48-56) Not only is this claim beyond the scope of allegations permitted by this court's prior order, but it is unsupported by any allegations of intentional discrimination against a particular class. This claim is dismissed.

As the court explained in its previous Order, to state a viable § 1983 claim for violation of his Fourteenth Amendment rights, plaintiff must allege that there is no adequate state law remedy for his injury. (*See* Order [30] at 3.) Like his initial complaint, plaintiff's amended complaint contains no such allegations. Plaintiff's Fourteenth Amendment claims are dismissed.

The court also explained in its previous Order that, in order to state a viable § 1983 claim against the Village for violation of plaintiff's Fourth Amendment rights, plaintiff must allege that his injury was "the result of a Village custom, practice or policy, *i.e.*, the execution of an express policy or widespread practice, or action by a person with final policymaking authority." (*See id.* (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978))). Plaintiff states in his amended complaint that Donald Schupek, the Village president, gave "final authorization"

for the search of plaintiff's premises. (Am. Compl. ¶¶ 31, 43.) "A person's status as a final policymaker under § 1983 is a question of state or local law." *Kujawski v. Bd. of Comm'rs of Bartholomew Cnty.*, 183 F.3d 734, 737 (7th Cir. 1999). The Illinois Municipal Code empowers a municipality's "corporate authorities" to "pass and enforce all necessary police ordinances," 65 Ill. Comp. Stat. 5/11-1-1 (West 2014), and to "prescribe the duties and powers of all police officers," 65 Ill. Comp. Stat. 5/11-1-2 (West 2014), and it defines "corporate authorities," in reference to villages, as "the president and trustees," 65 Ill. Comp. Stat. 5/1-1-2(2). Under the Code, a village president appears to be a final policymaker with respect to the village police, and defendants have cited no authority to the contrary. Plaintiff has sufficiently alleged an "action by a person with final policymaking authority" that allows his claim against the Village to survive a motion to dismiss.

To state a § 1983 claim against an individual in his personal capacity, plaintiff must allege that the individual was personally involved in the alleged constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 593-94 (7th Cir. 2003). In summary, plaintiff's allegations are that Officer Frank Giordano contacted plaintiff on May 14, 2014, to arrange a building inspection of the premises plaintiff rents for business purposes on the following day, May 15. After speaking with Officer Giordano and Dough Hoglund, Posen's chief of police, plaintiff consented to the inspection, but he told Officer Giordano on the morning of May 15 that he was withdrawing his consent. Dough Hoglund told plaintiff that he would get plaintiff's landlord to consent to the inspection, and plaintiff attaches an affidavit sworn by his landlord, Bruce Barr, in which Mr. Barr admits that he consented to the search—indeed, he requested it—because plaintiff had prevented him from entering the premises, although the lease gave him the right to enter and inspect the property. Plaintiff alleges that the police conducted the inspection

with the "final authorization" of Donald Schupek, damaging the premises and removing items, including a truck, in the process. Assistant Police Chief Vickie Paggi then locked plaintiff out of the premises and posted "Not Approved for Occupancy" signs.

As a general matter, a landlord cannot consent to a search of a tenant's leasehold. *See United States v. Chapman*, 365 U.S. 610, 616-18 (1961). Some courts have held that a landlord may consent to a search to the extent that he has the right to enter the tenant's premises, *see, e.g., United States v. Impink*, 728 F.2d 1228, 1232 (9th Cir. 1984), but the rental agreement is neither attached to nor incorporated in plaintiff's complaint, and, as the court explained in its October 6, 2014 Order, it therefore declines to consider whether the landlord had any authority to consent to the search at this stage of the proceedings. Plaintiff's allegations that Posen authorities searched the property he rents and seized items stored there without a warrant and without his consent are sufficient to state a claim for violation of his Fourth Amendment rights. However, plaintiff has not alleged that all of the named defendants were personally involved in the violation of his constitutional rights. He attributes specific acts in this matter only to Donald Schupek, Dough Hoglund, Frank Giordano, and Vickie Paggi. The claims against the remaining individual defendants are dismissed.

**CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss [39]. The Court grants the motion with respect to (1) the equal protection claim, (2) the Fourteenth Amendment claims, and (3) the Fourth Amendment claims against Patrick O'Donnell, Veronica Grobowski and Dawn Castillo individually. The Court denies the motion with respect to the Fourth Amendment claims against the Village and against Donald Shupek, Dough Hoglund, Vickie Paggi and Frank Giordano individually. **SO ORDERED.**

                                      **ENTERED: January 28, 2015**

                                      **HON. JORGE ALONSO**
                                      **United States District Judge**