IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE MONTGOMERY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VILLAGE OF POSEN; DONALD ) <br> SCHUPEK; DOUGLAS ) <br> HOGLUND; FRANK GIORDANO; ) <br> and VICKIE PAGGI, ) <br> ) <br> Defendants. ) <br> ) | No. 14 C 3864 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Clarence Montgomery brought this complaint under 42 U.S.C. § 1983 to redress Defendants' alleged violation of his Fourth Amendment rights related to a warrantless search of Montgomery's leased property. On the morning of trial, the parties reached a settlement agreement, and the jury trial was stricken. Plaintiff subsequently filed a motion to withdraw from the settlement agreement. He then filed a Motion to Recuse [Doc. No. 113], which is now before the Court. For the reasons that follow, Plaintiff's motion is denied.

## DISCUSSION

Plaintiff's motion is brought pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In determining whether a judge's impartiality could reasonably be

1

questioned, "the issue is whether 'an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case.'" *Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, 782 F.2d 710, 715 (7th Cir. 1986); *see also Cheney v. United States Dist. Ct. for D.C.*, 541 U.S. 913, 914 (2004) ("The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported.").

Plaintiff offers several examples of conduct he believes show a lack of impartiality. Plaintiff claims that settlement conferences held on March 3, 2016[1] and June 27, 2016 were held before the trial judge without the consent of the parties; the Court conducted an *ex parte* conference with counsel for Defendants by having separate settlement sessions; the Court advocated for Defendants and placed Plaintiff under duress to settle the case; and in closed session, the Court gave Plaintiff an advisory opinion about the inadmissibility of several of his exhibits before they were introduced into evidence at trial. In addition, Plaintiff argues that Federal Rule of Evidence 408 prohibits evidence in a settlement conference to be heard by a jury, and thus the presiding judge should be prohibited from seeing such evidence. According to Plaintiff, a judge's awareness of settlement discussions may prejudice the judge during trial and when ruling on pretrial and evidentiary motions; and it may influence a jury's damages award. Plaintiff also complains that "[e]ven without directly coercing a party, a judge's statements or requests may

---

[1] The motion states that the first conference was held on March 17. However, the docket reflects that the conference was held on March 3, and March 17 was the date of a status hearing at which the trial date was set. *See* Doc. Nos. 77 and 80.

unduly influence a party's decision to settle or engage in settlement discussions."
(Pl.'s Mot. at 5.)

First, Plaintiff has not shown that the Court's involvement in settlement discussions demonstrates partiality. Although Plaintiff may have been surprised by the fact that the trial judge personally conducted the conferences, he does not dispute that the agreed to both conferences and fully participated in the negotiations. Moreover, conducting a settlement conference – with the attendant *ex parte* communications with both sides – does not demonstrate a judge holds a bias toward either party. *See Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs. Assocs. (Mesa), S.C.*, No. 92 C 1652, 1993 WL 384566, at *3 (N.D. Ill. Sept. 28, 1993) (Williams, J.) (finding no appearance of impropriety where "any *ex parte* discussions took place with the full knowledge of the other parties, at scheduled pretrial [settlement] conferences involving all the parties"); *see also Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (*cited by Geneva Assurance*, 1993 WL 384566, at *3) (holding that a judge's "attempts to encourage a settlement clearly beneficial to [the plaintiff] do not give rise to an objective appearance of bias within the meaning of section 455(a)").

Similarly, any discussion of the merits of the parties' respective cases during those discussions does not show partiality. Advisory evidentiary rulings suggested during the conferences also do not demonstrate bias. Generally, "[b]ias against a litigant must . . . arise from an extrajudicial source." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). "[J]udicial rulings alone almost never constitute a valid basis

3

for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000) (holding that a judge's comment that a motion would likely be denied does not demonstrate bias); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996) (finding that numerous rulings against a party are "insufficient to show impermissible prejudice").

The Court's knowledge of information gleaned from settlement conferences is also unpersuasive as a basis for recusal. Nearly every trial judge is aware of evidence that is not known to a jury, and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Recuse [Doc. No. 113] is denied.

**SO ORDERED.**  **ENTERED:**

**DATE:  January 24, 2017**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

4